UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

MEMO ENDORSED

RECEIVED
AUG 01 2022
U.S.D.C.
W.P.

STEVEN KNOWLES,

        Petitioner,

v.

UINTED STATES OF AMERICA,

        Respondent.

Case # 11 Cr. 630 (KMK)

DEFENDANT STEVEN KNOWLES' RULE 59(e) MOTION FOR RECONSIDERATION

Pursuant to Rule 59(e) of the Federal Rule of Civil Procedure, Petitioner Steven Knowles ("Petitioner") hereby moves this Court to reconsider its March 30, 2022 judgment in which the Court denied Petitioner's Section 2255 Motion. In particular, the Court denied Petitioner's challenge to his 18 U.S.C. Sections 924(c) and 924(j) convictions based on Johnson, 135 S.Ct 2319 (2019), holding, that "the government correctly argues, however, that Petitioner's claim is procedurally defaulted," and "given that Petitioner cannot establish cause and prejudice or actual innocence, Petitioner's claim is procedurally defaulted, and the Court will therefore not reach the merits of his claims." See United States v. Knowles, 2022 U.S. Dist. Lexis 59091, * 55-60 (S.D.N.Y. March 30, 2022); notwithstanding this, on direct appeal, Petitioner filed a pro-se supplemental appellate brief, dated June 24, 2016, which specifically raised the Johnson claim. Subsequently, in a Section 2255 proceeding, Petitioner amended his motion to include Davis, 139 S.Ct. 2319 (Apr. 17, 2019); therefore, Petitioner submits that the procedural-default rule was erroneously employed to deny his motion. For the below-stated reasons, the Court should reconsider its procedurally defaulted ruling:

I. Standard of Review:

Rule 59(e) of the Federal Rules of Civil Procedure provides "a motion to alter or amend a judgment must be filed no later that 28 days after entry of judgment." As the Court is aware, Petitioner's counsel was hospitalized which established excusable neglect to file this motion out of time, or, in the alternative, to file a Notice of Appeal and or Certificate of Appealability. This Court ordered that Petitioner had 30 days to file an appropriate filing, and Petitioner chose to first file this Rule 59(e) motion to alter or amend the judgment. United States v. Rice, 2019 U.S. Dist. Lex.

192041 (S.D.N.Y.)(the district court can grant a Rule 59(e) motion when granting it is necessary to prevent a manifest injustice)(see also ING Global v. United States Ser. Oasis Supply Corp., 757 F.3d 92 (2nd Cir. 2014)).

II. FACTS:

In 2013, Petitioner was indicted by a grand jury for violating: 18 U.S.C. Section 1961 and 1962(c) (Count One); 18 U.S.C. Section 1962(d) (Count Two); 18 U.S.C. Sections 1959(a)(1) & (a)(5) (Counts 3 & 4); 21 U.S.C. Section 846 (Count Seven); 18 U.S.C. Sections 924(c) & 924(j) (Counts 8 & 9); & conspiratorial racketeering & murder (Count 10).

On July 1, 2013, Petitioner was convicted of participating in a racketeering organization (Count 1); racketeering conspiracy (Count 2); conspiracy to commit murder in aid of racketeering in connection with the July 2009 murder of Cokley (Counts 3 & 4); conspiracy to distribute 280 grams of crack cocaine (Count 7); and the murder of Cokley and related counts (Counts 8, 9 & 10)." See Knowles v. United States, 2022 U.S. Dist. Lexis 59091, @ *9 (S.D.N.Y. March 30, 2022).

In July 10, 2015, the Court sentenced Petitioner to life imprisonment plus 35 years. (See Docket No. 1099, Case # 11 Cr. 630).

October 6, 2015. Petitioner filed a notice of appeal to the Second Circuit (Dkt No. 1110) challenging the insufficiency of the evidence in relation to his conviction of conspiracy to commit murder in aid of racketeering with the Cokley murder. (See Knowles @ *9).

In a pro-se supplemental appellate brief, dated June 24, 2016, Petitioner argued that his firearm convictions and statutory enhancements must be vacated under the rule of law announced in Johnson v. United States, 135 S.Ct. 2251 (2015); (See copy of Pro-se Supp. App. Brief, Exhibit 1).

On July 7, 2016, the Clerk of the Court, acting under the direction of the Court, sent the pro-se supplemental appellate brief to Petitioner's attorney, Herman Kaufman II, P.O. Box 352 Old Greenwich, CT 06870 (See Dkt No. 105) (Dkt Sheet for 2nd Circuit).

Attorney Kaufman, however, did not supplement his own appellate brief by raising the viable Johnson claim on direct appeal for Petitioner; therefore Attorney Kaufman provided Petitioner with ineffective assistance of counsel on direct appeal. See Evitts v. Lucey, 469 U.S. 387, 396 (1985)(right to effective assistance of counsel on direct appeal).

2

On March 5, 2018, Petitioner filed a Section 2255 Motion, and argued, among other things, that his firearm convictions and statutory enhancements must be vacated under Johnson, 139 S.Ct. 2319 (2019).

This Court in a March 30, 2022 Order made reference to Petitioner's firearm challenge stating:

> The Government correctly argues, however, that Petitioner's claim is procedurally defaulted. Specifically, the Government, argued that Petitioner: [P]rocedurally defaulted any argument that the counts he now challenges are vague, because he failed to make that argument before this Court in 2013; before the Court of Appeals in 2015; and then before this Court in his ... Section 2255 Motion in 2018..."

The Court then denied Petitioner's Johnson-Davis claim as procedurally defaulted. (See Knowles, 2022 U.S. Dist. Lexis 59091, @ *55).

III. ARUMENT:

It is evident by the aforementioned Docket Sheet Entry that Petitioner filed a pro-se supplemental appellate brief in the Second Circuit in which he briefed the Johnson claim. Petitioner had no control over the Clerk who decided to send the pro-se filing to the attorney of record in the case. Equally, Petitioner had no control over his attorney's decision to not raise the viable Johnson claim on direct appeal but to instead proceed with [h]is frivolous insufficiency of the evidence claim. As noted above, the attorneys did not raise the Johnson issue in the district court and in the appellate court which opens the doorway to argue ineffective assistance of counsel to overcome the procedural default rule. United States v. Lundy, 2012 U.S. Dist. Lexis 39553 (E.D. KY Feb. 27, 2012)(If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under Section 2255 would be available subject to analysis under the two-prong standard of Strickland v. Washington, 466 U.S. 668 (1984)); see also United States v. Cook, 45 F.3d 388, 395 (10th Cir. 1995)(Appellate counsel's failure to raise a dead-bang winner constitutes ineffective assistance of counsel and establishes "cause" for failure to raise the error).

Thus, under this legal technicality, this Court should reconsider its March 30, 2022 judgment and amend or alter its order by finding that the procedurally defaulted rule is inapplicable to the factual history of Petitioner's case. There is no other way to avoid the manifest injustice that has occurred to deprive Petitioner of the opportunity to be heard on the merits of his Johnson-Davis claim. See United States v. Washington, 2022 U.S. Dist. Lexis 4123 (S.D.N.Y. Jan.

3

7, 2022)(Section 2255 Proceeding)("A claim is not reasonably available when, at the time of the procedural default, precedent foreclosed the argument."). But this Court held basically that Petitioner should have raised the claim in his initially filed Section-2255 motion even if Barrett foreclosed any possibility for relief.

As noted above, this Court agreed with the government's position that Petitioner's claim is procedurally defaulted because he could have raised the legal argument (1) in the trial court; (2) on direct appeal; and (3) in his initial Section 2255 motion. However, the exception to the procedurally default rule is (1) cause and prejudice, or (2) actual innocence. United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).

In Petitioner's case "cause and prejudice" is easily substantiated for the sentencing proceeding and direct appeal. In both instances, the attorneys provided their client with deficient performance when they failed to raise the Johnson claim during the sentencing proceeding and on direct appeal. Since Johnson was a viable argument, neither lawyer could convincingly contend otherwise.

Additionally, Petitioner's attorneys were so deficient that their incompetence affected the outcome of both proceedings causing petitioner's firearm convictions to remain intact along with their lengthy terms of imprisonment; Notwithstanding this, this Court wrote "In sum, the Court rejects Petitioner's claims for habeas relief based on ineffective assistance of counsel (both at the trial and appellate levels), prosecutorial misconduct and statutory vagueness." (Knowles, at Lexis *59). The Court gave no explanation as to how it reached this decision that no ineffective assistance was provided and that Petitioner did not substantiated such deficient and prejudicial service.

After Petitioner's filed the Davis claim in 2019, during the pendency of his habeas petition, the Court then held that the claim was not so novel to release petitioner from the procedural-default trap, holding: he should have raised the Johnson-Davis claim in 2013 (in the trial court) and in 2015 (in the appellate court), and in 2018 (in the Section 2255 Motion); for 2013 and 2015 stages of litigation, this means that both trial and appellate counsel should have raised the Johnson issue, and if they failed to do so, then they're guilty of ineffective assistance.

Based on the Court's holding that it was not a novel issue, then the attorneys failed to argue the matter resulting undoubtedly in the provision of ineffective assistance of counsel. Additionally the Court also held that Petitioner should have raise the Johnson-Davis issue in his Section-2255 motion, not in the supplemental memorandum. As a result, the Court imported the procedurally defaulted rule to deny Petitioner's motion. (Knowles @ Lexis *55-56).

In 2019, directly following the Supreme Court's issuance of the Davis opinion, Petitioner supplemented his habeas claim to incorporate the Davis issue. As a matter of law, and considering the pendency of the habeas motion, the Davis claim was rightfully filed in this Court. In fact, Petitioner could have filed a Section 2244 application in the Second Circuit to seek authorization to file a second or successive section 2255 motion, but it would have been

4

denied because such authorization would not be necessary during the pendency of the Section 2255 proceeding. Because the initial Section 2255 Motion was still pending for disposition, circuit court authorization was totally unnecessary to file the Davis claim in the district court as the Davis claim could be filed directly with the district court as a matter of law. And this is exactly what course of action Petitioner took.

In Whab v. United States, 408 F.3d 116, 119 (2nd Cir. 2005), the Second Circuit, held "[I]n general, when a Section 2255 motion is filed before adjudication of an initial Section 2255 Motion is complete, the district court should construe the Second Section 2255 motion as a motion to amend the pending Section 2255 motion."

This Court should have construed Petitioner's supplemental memorandum which raised the Davis claim, as a timely filed amendment to the pending Section 2255 motion rather than hold that he had procedurally defaulted to raise the claim. See Chen v. United States, 2017 U.S. Dist. Lexis 163168 (S.D.N.Y. Sept. 28, 2017)(courts construe pro-se petitions liberally and interpret them to raise the strongest arguments they suggest namely that their attorneys were ineffective). When assessing Petitioner's Davis claim, the court should have viewed it under the microscope of ineffective assistance of counsel so Petitioner could have been freed from the procedural-default trap. This liberal review and interpretation would have been consistent with Whab and afford Petitioner an opportunity to present his Davis claim.

## IV. CONCLUSION:

WHEREFORE, This Court should reconsider its March 30, 2022 judgment and alter or amend it and visit the merits of the Johnson-Davis claim, and for any other and further relief that this Court deems is appropriate to avoid a manifest injustice.

July 19, 2022

Respectfully submitted,

Steven Knowles, Pro-se

---

Motion for Reconsideration is denied. First, Mr. Knowles cannot complain that the Court failed to consider the appellate brief he filed, as he did not provide that brief earlier in the briefing related to his habeas petition or the Rule 29 motion. See Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision, No. 18-CV-8497, at *1 (S.D.N.Y. Dec. 3, 2019). Second, Mr. Knowles has failed to establish that appellate counsel was ineffective for electing not to raise the vagueness claim. Courts are highly deferential to strategic decisions made by appellate counsel and so it should be here. As the Government notes, the vagueness claim, while available, was hardly an obvious argument to make given prior Second Circuit law. Indeed, as the Government notes, counsel's decision to focus on the murder in aid of racketeering charge was sensible as that charge carried a mandatory life sentence, thus making the question of vagueness regarding the drug charge far less important. Third, Mr. Knowles has failed to establish any prejudice from the supposed ineffectiveness of counsel. Each of the relevant gun counts was predicated on either a valid "drug trafficking crime," (Count 8 — narcotics conspiracy) or a "crime of violence" (Counts 9 and 10 — murder). Because the jury found Mr. Knowles guilty of such predicate crimes in relation to counts 8-10, that there may have been a question about other predicates is of no import. See Stone v. United States, 37 F.4th 825, 831 (2d Cir. 2022) (noting, in the section 924(c) context, that "where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt, we will find the error harmless when the jury would have found 'the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction' beyond a reasonable doubt.").

So Ordered.

10/19/22

5

## CERTIFICATE OF SERVICE

I, Steven Knowles, hereby declare under penalty of perjury that the enclosed Motion for Reconsideration was sent by first-class prepaid postage to AUSA Samuel Raymond at 300 Quarropas Street, White Plains, New York 10601, on this 19th day of July, 2022.

Respectfully submitted,

_____

Steven Knowles, pro-se
Reg. #
USP Allenwood Box 3000
White Deer, Pa 17887